UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ARIN S., | Case No. 3:21-cv-0176-AR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

**ARMISTEAD, Magistrate Judge**

In this judicial review of the Commissioner's final decision denying Social Security benefits, Arin (her last name omitted for privacy) challenges the Administrative Law Judge's (ALJ) findings at step two of the sequential evaluation process and partial rejection of her subjective symptom testimony about functional limitations stemming from her migraines, headaches, and seizure disorder. As explained below, the court finds that the ALJ erred in both

Page 1 – OPINION AND ORDER

respects. The Commissioner's decision is REVERSED and REMANDED for further proceedings.[1]

## ALJ'S DECISION

In denying Arins's applications for Title II Disability Insurance Benefits (DIB) and Title XVI Supplemental Security Income (SSI), the ALJ followed the five-step sequential evaluation process.[2] At step one, the ALJ determined that Arin has not engaged in substantial gainful employment since May 1, 2018. Tr. 16. At step two, the ALJ determined that she had the following severe impairments: pseudo seizures; degenerative disc disease of the cervical spine; vertigo; and mental health conditions variously diagnosed to include depression, bipolar disorder, anxiety, posttraumatic stress disorder, gender dysphoria, and marijuana abuse. At step three, the ALJ determined that her impairments singly or in combination did not meet or medically equal the severity of any of the listed impairments. Tr. 17.

Critical to the court's review is the ALJ's assessment of Arin's residual-functional-capacity (RFC) determination. 20 C.F.R. §§ 404.1545, 416.945. The ALJ determined that Arin has the RFC to perform medium work, except that she cannot climb ladders, ropes, or scaffolds; she should not work in an environment with unprotected heights, strong vibration or workplace hazards; she can occasionally crawl; she can understand and remember simple instructions and

---

[1] All parties have consented to allow a Magistrate Judge to enter final orders and judgment in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c).

[2] To determine a claimant's disability, the ALJ must apply a five-step evaluation. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the ALJ finds that a claimant is either disabled or not disabled at any step, the ALJ does not continue to the next step. *Id*.; *see also Parra v. Astrue*, 481 F.3d 742, 746–47 (9th Cir. 2007) (discussing the five-step evaluation in detail).

Page 2 – OPINION AND ORDER

perform simple tasks; she should not work with the public; and she should not perform teamwork activities. Tr. 21.

At step four, the ALJ determined that Arin could not perform any past relevant work. Tr. 25. In light of her RFC, the ALJ found at step five that jobs exist in significant numbers in the national economy that Arin can perform, including such representative occupations as packager, hand packager, and bagger. Tr. 26-27.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation and citation omitted). To determine whether substantial evidence exists, the court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014).

## DISCUSSION

Arin argues that the ALJ formulated an incomplete RFC by improperly evaluating her migraines and headaches at step two and by failing to identify specific, clear and convincing reasons to reject her subjective symptom testimony about limitations stemming from her headaches, migraines, and seizure disorder, resulting in error at step five. Pl. Br. at 6-9, ECF No.

16.[3] The Commissioner counters that the ALJ's evaluation and rejection of these symptoms was proper or did not result in harmful error. Def. Br. at 4-8, ECF No. 21.

A.   ***Step Two***

At step two, a claimant is not disabled if the claimant does not have any medically severe impairments. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); 20 C.F.R. § 404.1520(a)(4)(ii). An impairment is severe if it "significantly limits" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a). An impairment is not severe "when [the] medical evidence establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." Social Security Ruling (SSR) 85-28, *available at* 1985 WL 56856, at *3. Even if an impairment is not severe, the ALJ must still consider its limiting effect when formulating the claimant's RFC. *Ghanim v. Colvin*, 763 F.3d 1154, 1166 (9th Cir. 2014).

The ALJ noted at step two that Arin had a history of headaches but found them non-severe. Tr. 17. In support of that finding, the ALJ asserted that Arin reported her headaches "only lasted for a short period of time and were usually relieved with over-the-counter medication." Tr. 17, 914. Arin challenges that finding. Pl. Br. at 4.

The ALJ's characterization of Arin's migraine and headaches is belied by the record. The evidence cited by the ALJ—an orthopedic report assessing Arin for a left ankle fracture—does not mention headaches or migraines, and therefore does not support his assertion. Tr. 914.

---

[3]   Arin alternatively argued that, absent any other errors, remand was required because the administrative proceedings were tainted by the tenure of Andrew Saul as Commissioner of the Social Security Administration. Pl. Br. at 11-22. Following the Ninth Circuit's opinion in *Kauffman v. Kijakazi*, 32 F.4th 843 (9th Cir. 2022), the court granted Arin's motion to strike that argument. Unopposed Mot. to Strike Argument, ECF No. 24. Accordingly, the court does not address that argument in this opinion.

Page 4  – OPINION AND ORDER

Instead, the record shows that Arin often reported serious headaches and migraines to medical providers. Tr. 404, 435, 444, 501, 761, 765, 1074, 1092. While Arin sometimes treated these impairments with over-the-counter medications, she also used prescription medications, including amitriptyline and sumatriptan. Tr. 396, 404, 410, 435, 437, 446, 501, 750, 757, 770, 907, 912, 922, 1064, 1092. Thus, the ALJ's assessment of Arin's migraines and headaches as non-severe at step two was not supported by substantial evidence. Nevertheless, because the ALJ found that Arin had other impairments that were severe, this error was harmless. *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (failure to identify medically determinable impairment at step two was harmless because step two was decided in claimant's favor).

B.   ***Subjective Symptom Testimony***

To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must perform two stages of analysis. *Trevizo*, 871 F.3d 664, 678 (9th Cir. 2017); 20 C.F.R. § 416.929. The first stage is a threshold test in which the claimant must produce objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged. *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). At the second stage, absent affirmative evidence that the claimant is malingering, the ALJ must provide clear and convincing reasons for discounting the claimant's testimony regarding the severity of the symptoms. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

The ALJ must make findings that are sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). Factors the ALJ may consider when making such

Page 5 – OPINION AND ORDER

credibility determinations include the objective medical evidence, the claimant's treatment history, the claimant's daily activities, and inconsistencies in testimony. *Ghanim*, 763 F.3d at 1163 (9th Cir. 2013); *Tommasetti*, 533 F.3d at 1039.

Arin contends that the ALJ failed to provide a clear and convincing reason for broadly rejecting her testimony and for specifically discrediting her reports of disorientation, inhibited concentration, and absence limitations from her seizure disorder, headaches, and migraines. Pl. Br. at 6-9.

In forming Arin's RFC, the ALJ partially accommodated the limiting effects of her seizure disorder by "restricting her to jobs that do not involve climbing ladders, ropes, or scaffolds" and from "working in environments with unprotected heights, strong vibration, or workplace hazards." Tr. 22. However, the ALJ broadly discredited Arin's subjective symptom testimony as (1) inconsistent with objective medical evidence; (2) based on inconsistent statements; and (3) unsupported by objective medical evidence. Tr. 23-24. As explained below, these reasons are not supported by substantial evidence.

The ALJ first rejected Arin's testimony as inconsistent with objective medical evidence. *Carmickle*, 533 F.3d at 1161 (9th Cir. 2008) (contradiction with the medical record is a relevant consideration in discounting a claimant's subjective symptom testimony). To reject Arin's reports of severe neck pain limiting her ability to stand, walk, sit, lift, and carry, the ALJ noted that a 2019 orthopedic report indicated that she had "5/5 muscle strength in her extremities" and had received conservative treatment. Tr. 23, 886, 890, 898; *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (noting that conservative treatment may be "sufficient to discount a claimant's testimony regarding the severity of an impairment"). Independent inspection of the record, however, shows that the report recommended conservative treatment for a left ankle fracture, not

Page 6 – OPINION AND ORDER

for neck pain. Tr. 886, 890. With respect to neck pain, the report noted only that Arin had been assessed with spinal stenosis of the cervical region, for which the medical provider recommended TENs unit treatment and referral to a pain management specialist. Tr. 886. Thus, the report does not support the ALJ's assertion. Similarly, although the ALJ found Arin's vertigo was a "severe" impairment at step two, he discounted her testimony because a physical examination found that her "gait was normal." Tr. 23. Again, the examination referenced focused on Arin's ankle fracture, not her vertigo. Tr. 886-902. Nor did the ALJ explain how Arin's normal gait contradicted her testimony about dizziness and balance issues. Given the sparse or inapplicable evidence referenced by the ALJ, that first reason is not supported by substantial evidence.

As secondary grounds to reject Arin's symptom testimony, the ALJ found that Arin made inconsistent statements about her marijuana use. Tr. 23. The ALJ noted that Arin previously reported using marijuana about 21 times per week but that she later testified that she "only occasionally used marijuana." Tr. 23. The court likewise finds that rationale unsupported by substantial evidence because the only citation provided by the ALJ concerning marijuana use does not exist in the record. *See* Tr. 23 (citing B21F, 8); Tr. 1218-20 (B21, 1-3). Arin also testified that she has been cutting back on marijuana use for her health, thus mitigating the perceived inconsistency between her past and recent use. Tr. 50.

For the third reason, the ALJ rejected Arin's testimony regarding her mental symptoms because he noted "only intermittent complaints" and "few objective findings" of functional restrictions. Tr. 23. That finding is difficult to reconcile with Arin's medical record, which contains psychological records documenting her depression, anxiety, PTSD, hallucinations, and gender dysphoria over nearly a decade. Tr. 621-25, 640, 705, 771, 802, 812-79, 1047-48. The

Page 7 – OPINION AND ORDER

ALJ also discredited Arin's reported suicidal ideation based on a few treatment notes in which she denied thoughts of self-harm. Tr. 23, 842. The record, however, shows that these denials are largely consistent with Arin's "chronic fleeting suicidal thoughts." Tr. 654, 811, 1047, 1052; *see also Diedrich v. Berryhill*, 874 F.3d 634, 642 (9th Cir. 2017) (*quoting Garrison*, 759 F.3d at 1017-18) ("Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances, it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working."). Given the objective evidence supporting Arin's mental symptoms, the ALJ's third reason is not clear and convincing.[4]

In summary, the ALJ's reasons for broadly discrediting Arin's subjective symptom testimony are not specific, clear and convincing. Furthermore, the ALJ failed to specifically consider and properly discredit Arin's testimony about her headaches, migraines, and seizures and their corresponding limitations.

Arin reported that she experiences frequent headaches, which are painful, nauseating, and increase her sensitivity to light. Tr. 42-43, 404, 410, 446, 501, 757, 770, 912, 922, 1064, 1092. The headaches can last a day or two and make it difficult for her to concentrate on tasks. Tr. 41-42, 53, 404, 912. She also experiences migraines, which are more intense and can incapacitate her for a day or two. Tr. 42, 318, 353. Arin reported that the migraines can cause her to see auras,

---

[4] The Commissioner also argues that the ALJ properly rejected Arin's testimony as inconsistent with her activities of daily living (ADLs). Def. Br. at 5. The ALJ did not identify Arin's ADLs as a reason to discredit her testimony, however. Consequently, the court does not review that reason. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quoting *Garrison*, 759 F.3d at 1010) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on grounds upon which he did not rely.").

to vomit, and to curl up in a ball with the lights out. Tr. 43-44. Arin takes sumatriptan and amitriptyline for her migraines; she has tried another medication to prevent the headaches, but without success. Tr. 44, 435, 437, 446, 501, 750, 757, 770, 907.

Despite these reported symptoms, the ALJ concluded—at step two—that "[t]here is no evidence [Arin's headaches and migraines] cause any vocational limitations." Tr. 17; *Joanne C. v. Comm'r*, Case No. 3:20-cv-01512-AC, 2022 WL 819812, at *3 (D. Or. March 18, 2022) ("[W]eighing and rejecting evidence should occur during steps three through five."). Thus, in forming the RFC, the ALJ did not address Arin's testimony about her headache and migraines and their functional limitations and failed to offer a clear and convincing reason to discredit that testimony. This error was harmful. *Ghanim*, 763 F.3d at 1166 ("In determining a claimant's residual functional capacity, the ALJ must consider all of a claimant's medically determinable impairments, including those that are not severe.").

Likewise, the ALJ lacked a clear and convincing reason to reject Arin's testimony about her seizure-related disorientation and recovery needs. Arin testified that she experiences grand mal seizures once or twice a month and absence seizures three or four days a week. Tr. 52. The seizures are triggered by noise and stress, and can come on without warning. Tr. 318, 324. Both seizure types leave her disoriented and with difficulty concentrating. Tr. 52. She usually needs a day to recover from the grand mal seizures and an hour or two to recover from the absence seizures. Tr. 52. Because of her seizures, she has not driven since November 2016. Tr. 41.

In addressing Arin's seizure disorder, the ALJ noted that her EEGs returned "normal" and that she had tried several seizure medications with no effect. Tr. 22. Based on those records, the ALJ found that Arin's symptoms were psychogenic, rather than epileptic. *See* 20 C.F.R., Pt. 404, Subpt. P, Listing 11(H)(1) ("[P]sychogenic nonepileptic seizures and pseudoseizures [are

Page 9  – OPINION AND ORDER

evaluated] under the mental disorders body system, 12.00"). Although that discussion was relevant to the categorization of Arin's seizures at step two, the ALJ did not otherwise note that Arin's testimony conflicted with her medical record, daily activities, or other relevant evidence. *Bowers v. Astrue*, Case No. 11-cv-583-SI, 2012 WL 2401642, at *9 (D. Or. June 25, 2012). As a result, the ALJ's rejection of Arin's seizure-related testimony was not based on substantial evidence.

Because the ALJ did not provide a specific, clear and convincing reason to discount Arin's subjective symptom testimony, the ALJ failed to incorporate all her limitations into the RFC. Consequently, the questions posed to the vocational expert were not based on substantial evidence and are of no evidentiary value. *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) ("If a vocational expert's hypothetical does not reflect all the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the plaintiff can perform jobs in the national economy.").

C.   **Remand for Further Proceedings**

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000), *cert. denied* 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed, and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r*, 635 F.3d 1135, 1138-39 (9th Cir. 2011) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004)). The court may not award benefits punitively and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Strauss*, 635 F.3d at 1138.

Page 10 – OPINION AND ORDER

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed if "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020 (citations omitted). Even when the credit-as-true standard is met, the district court retains the "flexibility to remand for further proceedings when the record [evidence] as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id*. at 1021. The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010).

Arin concedes that the proper course is to remand for further proceedings, and the court agrees. Pl. Br. at 22. Remand for further proceedings is appropriate because the ALJ failed adequately to explain why he discounted Arin's testimony, and outstanding issues in the record remain that the ALJ must resolve before a disability determination, including weighing Arin's improperly discounted testimony with the other evidence. See *Bradshaw v. Colvin*, 642 F. App'x 677, 678 (9th Cir. 2016) ("Because we conclude that the ALJ failed to adequately explain why he rejected certain evidence, and that the error was not harmless, we vacate and [exercise our discretion to] remand for further proceedings."); *Taylor v. Berryhill*, 720 F. App'x 906, 907 (9th Cir. 2018) ("Remand for further proceedings is proper because outstanding issues in the record remain that must be resolved before a determination of disability can be made, including . . . weighing [the claimant's improperly discounted] testimony with the other evidence."). On remand, the ALJ must consider and properly weigh Arin's subjective symptom testimony,

Page 11 – OPINION AND ORDER

particularly with respect to her headaches, migraines, and seizure disorder, and incorporate those findings in Arin's RFC. The ALJ should also elicit new testimony from a vocational expert regarding Arin's ability to perform jobs in the national economy.

## CONCLUSION

Based on the foregoing, the Commissioner's final decision is REVERSED and REMANDED for further proceedings.

IT IS SO ORDERED.

DATED September 20, 2022.

_____
JEFFREY ARMISTEAD
United States Magistrate Judge